# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00406-COA

**AZALEAN ROGERS A/K/A AZALEAN JONES**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/19/2020 |
| TRIAL JUDGE: | HON. LINDA F. COLEMAN |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | AZALEAN ROGERS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | VACATED AND REMANDED - 05/25/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., LAWRENCE AND SMITH, JJ.

### LAWRENCE, J., FOR THE COURT:

¶1.     In 1979, Azalean Rogers was indicted for two counts of forgery of a check in cause numbers 5581 and 5582. She pled guilty to both counts. The circuit court sentenced Rogers to three years in the custody of the Mississippi Department of Corrections for each count, to run concurrently. The circuit court also suspended both sentences and placed Rogers under supervised probation for three years.

¶2.     On January 31, 2020, Rogers filed a motion to expunge her records in cause numbers 5581 and 5582. On March 19, 2020, the circuit court entered an order of expungement in cause number 5581 but did not address cause number 5582. Rogers appealed, arguing that

the circuit court should have expunged both of her convictions.  For the reasons discussed below, we vacate the circuit court's order of expungement and remand for proceedings consistent with this opinion.

## ANALYSIS

¶3.     The Bolivar County Circuit Court expunged Rogers' conviction in cause number 5581 in accordance with Mississippi Code Annotated section 99-19-71(2)(a) (Rev. 2015), which states in relevant part:

> Except as otherwise provided in this subsection, a person who has been convicted of a felony and who has paid all criminal fines and costs of court imposed in the sentence of conviction may petition the court in which the conviction was had for an order to expunge one (1) conviction from all public records five (5) years after the successful completion of all terms and conditions of the sentence for the conviction upon a hearing as determined in the discretion of the court . . . .
>
> A person is eligible for only one (1) felony expunction under this paragraph. **For the purposes of this section, the terms "one (1) conviction" and "one (1) felony expunction" mean and include all convictions that arose from a common nucleus of operative facts** as determined in the discretion of the court.

(Emphasis added).

¶4.     The record is silent as to whether case numbers 5581 and 5582 "arose from a common nucleus of operative facts," which would allow for expungement of both convictions at the court's discretion.  There is no indication in the record whether a hearing was held on Rogers' motion or whether a determination was made if the two convictions "arose from a common nucleus of operate facts."  On appeal, Rogers argues that the court held a hearing, but it was not recorded.

2

¶5. After review, we agree with the State's position that "[t]he record here is insufficient to evaluate whether the circuit court considered whether Rogers was eligible for expungement of both of her convictions." Thus, we vacate the circuit court's order of expungement and remand this case to the circuit court to conduct an evidentiary hearing and make factual findings as to whether Rogers' forgery convictions "arose from a common nucleus of operative facts." If the circuit court determines that is the case, the circuit court has the discretion to expunge both of Rogers' convictions pursuant to section 99-19-71.

¶6. **VACATED AND REMANDED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**